T.C. Summary Opinion 2005-23


UNITED STATES TAX COURT


ZACHARY S. AND LISA C. CURELLO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5903-04S.              Filed February 24, 2005.


Zachary S. and Lisa C. Curello, pro sese.

<u>Frank W. Louis</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income taxes of $1,398 for the taxable year 2001.

The issues for decision are: (1) Whether petitioners are entitled to a dependency exemption deduction for petitioner-husband's son, BMC,[1] from a previous marriage; and (2) whether petitioners are entitled to a child tax credit for BMC.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits thereto are incorporated herein by this reference. Petitioners resided in Cheshire, Connecticut, on the date the petition was filed in this case.

## Background

Sometime between 1990 and 1992,[2] Zachary S. Curello (petitioner husband) and Lisa (Gigletti) Curello (Ms. Gigletti) (petitioner husband's former wife) were married in Hamden, Connecticut. During the marriage, petitioner husband and Ms. Gigletti had a child, BMC, born in 1993. Petitioner husband and Ms. Gigletti were divorced on July 31, 1995.[3]

---

[1]The Court uses only the minor child's initials.

[2]The record is unclear as to petitioner husband's and Ms. Gigletti's date of marriage.

[3]After his divorce from Ms. Gigletti, petitioner husband married Lisa C. Curello (petitioner wife) and has a daughter with petitioner wife.

Ms. Gigletti left the family household around October 1993. A divorce was granted on July 31, 1995. The State judge issued a Memorandum of Decision (divorce decree) on July 31, 1995. The divorce decree was signed neither by petitioner husband nor by Ms. Gigletti. The divorce decree gave legal and physical custody of BMC to Ms. Gigletti. On page 12 of the divorce decree the State judge addressed the issue of an exemption as to BMC. The paragraph reads as follows:

> The defendant [petitioner husband] shall have the right to claim the minor child [BMC] as an exemption for federal and state income tax purposes for each calendar year in which he is current at the end of such calendar year for his support payments.

On or about March 3, 2002, petitioners filed their Form 1040, U.S. Individual Income Tax Return, for the 2001 taxable year. There was no attachment regarding any waiver or declaration, such as a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, executed by Ms. Gigletti stating that she was releasing her claim to exemption of BMC. Petitioner husband testified that he tried to get Ms. Gigletti to sign a Form 8332, but she refused to do so.

In the 2001 return, petitioners claimed exemption deductions for two dependents, one of whom, BMC, was a child of the marriage with Ms. Gigletti. The second child claimed was MJC; this dependent is not at issue in the present case. Respondent allowed the exemption and child tax credit with regard to MJC.

Respondent issued a notice of deficiency to petitioners in which respondent disallowed petitioners' claimed exemption for BMC for the 2001 taxable year as well as a portion of the child tax credit in the amount of $600.

## Discussion[4]

### A. Deductions for Dependency Exemptions

Section 151(a) authorizes deductions for the exemptions provided by that section. In particular, section 151(c)(1) provides an exemption for each of a taxpayer's dependents as defined in section 152.

Section 152(a)(1) defines the term "dependent" to include a taxpayer's child, provided that more than half of the child's support was received from the taxpayer or is treated under section 152(e) as received from the taxpayer.

In the case of a child of divorced parents, section 152(e)(1) provides as a general rule that the child shall be treated as receiving over half of his or her support from the custodial parent. In the event of so-called split or joint custody, "'custody' will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year." Sec. 1.152-4(b),

---

[4]We decide the issues in this case without regard to the burden of proof. Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

- 5 -

Income Tax Regs. Thus, in the present case, because Ms. Gigletti had legal custody of BMC throughout 2001 (as well as physical custody throughout the year), she was the custodial parent in 2001, and petitioner husband was the noncustodial parent.

Section 152(e)(2) provides an exception to the general rule of section 152(e)(1). Pursuant to that exception, the child shall be treated as receiving more than half of his or her support from the noncustodial parent if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.[5]

See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

The declaration required by section 152(e)(2)(A) must be made either on Form 8332 or on a statement conforming to the substance of that form. Id.; Miller v. Commissioner, 114 T.C. 184, 189 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). To meet the requirements of section 152(e)(2), the written declaration, if not made on the official

---

[5]A second exception to the general rule of sec. 152(e)(1) exists for certain pre-1985 instruments. See sec. 152(e)(4). Petitioner and Ms. Gigletti divorced on July 31, 1995; therefore this second exception does not apply to the present case. Sec. 152(e)(4)(B)(i).

form provided by the Internal Revenue Service (IRS), "shall conform to the substance of such form." Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra. The form provided by the IRS, Form 8332, calls for the following information: (1) The name of the child or children for whom an exemption claim is released; the applicable tax year or years for which the claims are released; (2) the custodial parent's signature and the date of signature; (3) the custodial parent's Social Security number; (4) the noncustodial parent's name; and (5) the noncustodial parent's Social Security number. "The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration." Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

In the present case, Ms. Gigletti, as the custodial parent, did not sign Form 8332 or any written declaration or statement agreeing not to claim an exemption for BMC, and no such form, declaration, or statement was attached to petitioner-husband's return for the year in issue.

However, petitioner husband argues that the divorce decree, which ended his marriage with Ms. Gigletti, by its terms grants him the right to claim BMC as a dependent for Federal and State income tax purposes for each calendar year in which he is current at the end of such calendar year as to his support payments.

Petitioner husband further reasons that he was current with his support payments throughout the year in issue and at the end of such year. Therefore, petitioner husband concludes that he has the right to claim BMC as a dependent for Federal and State income tax purposes for taxable year 2001.

The divorce decree in the present case was not signed by the custodial parent. Section 152(e)(2) expressly provides that the noncustodial parent may claim the dependency exemption deduction for a child only if "the custodial parent signs the written declaration". Complying with the signature requirement of 152(e)(2) is critical to the successful release of the dependency exemption. See <u>Neal v. Commissioner</u>, T.C. Memo. 1999-97; <u>Paulson v. Commissioner</u>, T.C. Memo. 1996-560; <u>White v. Commissioner</u>, T.C. Memo. 1996-438.

Language in a divorce decree purportedly giving a taxpayer the right to an exemption does not entitle the taxpayer to the exemption if the signature requirement of section 152(e)(2) is not met. <u>Miller v. Commissioner</u>, <u>supra</u>. Although the divorce decree, by and through its own terms, provides that petitioner husband is entitled to the dependency exemption for BMC, it is well settled that State courts by their decisions cannot determine issues of Federal tax law. See <u>Commissioner v. Tower</u>, 327 U.S. 280 (1946); <u>Kenfield v. United States</u>, 783 F.2d 966

(10th Cir. 1986); <u>Neal v. Commissioner</u>, <u>supra</u>; <u>Nieto v. Commissioner</u>, T.C. Memo. 1992-296.

Unfortunately, regardless of what is stated in the State divorce decree, the law is clear that petitioner husband is entitled to the child dependency exemption in 2001 only if he complied with the provisions of section 152(e)(2).  Petitioner husband has failed in this regard.  It follows, therefore, that the exception set forth in section 152(e)(2) does not apply and that the general rule of section 152(e)(1) does apply. Accordingly, petitioner is not entitled to deduct a dependency exemption for BMC for 2001.  Sec. 152(e)(1); <u>Miller v. Commissioner</u>, <u>supra</u>.  Respondent's determination on this issue is sustained.

B.  <u>Child Tax Credit</u>

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer.  The term "qualifying child" is defined in section 24(c).  As relevant here, a "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151.  Sec. 24(c)(1)(A).

We have already held that petitioner husband is not entitled to a deduction under section 151 for a dependency exemption for BMC.  Accordingly, BMC is not considered a "qualifying child" within the meaning of section 24(c).  It follows, therefore, that

petitioner husband is not entitled to a child tax credit under section 24(a) with respect to BMC.

In view of the foregoing, we sustain respondent's determination on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.